UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02272-CAS-VBKx | Date | March 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers:)** DEFENDANTS' MOTION TO DISMISS (Dkt. #23, filed December 30, 2013)

**(In Chambers:)** DEFENDANT'S MOTION TO STRIKE (Dkt. #21, filed December 30, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 10, 2014, is vacated, and the matter is hereby taken under submission.

**I.    INTRODUCTION AND BACKGROUND**

Plaintiff Beverly Gooch, proceeding pro se, filed this action against American Eagle Airlines, Inc. and Does 1 through 10 on or about August 21, 2012, in Los Angeles County Superior Court.[1] Defendant filed a notice of removal in this Court on March 29, 2013, on the grounds that this Court has subject matter jurisdiction over this action based on diversity of citizenship. Dkt. #1. Defendant states that the operative complaint in this action is the first amended complaint ("FAC"), filed in Los Angeles County Superior Court on March 28, 2013, one day before defendant removed the action to this Court.[2]

---

[1] The complaint attached to the notice of removal lacks a file stamp or other conclusive indications of the filing date. However, the date next to the signature line of the complaint is August 21, 2012.

[2] Although defendant filed its notice of removal one day after plaintiff filed the FAC in Superior Court, defendant's notice of removal relies on the initial complaint, and not the FAC. Defendant now requests that the Court take judicial notice of the FAC,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02272-CAS-VBKx | Date | March 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

Dkt. #24. The FAC asserts claims for: (1) retaliation in violation of the California Labor Code, (2) employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and (3) intentional infliction of emotional distress. FAC ¶¶ 32-48.

Plaintiff alleges that she is a resident of Los Angeles County, and that defendant is a Delaware corporation doing business in California. FAC ¶¶ 5-6. Plaintiff alleges that she was hired by defendant in March 2008 as a catering clerk. Id. ¶ 12. Plaintiff alleges that, on October 9, 2009, she expressed interest in a vacant shift manager position, and applied for the position. Id. ¶ 17. Plaintiff further alleges that she was forced to withdraw her application due to harassment from defendant's upper management. Id. Plaintiff next alleges that, on or about June 16, 2010, she expressed interest in a second vacant shift manager position, and applied for the position on or about June 24, 2010. Id. ¶ 18. Plaintiff alleges that she was interviewed on or about July 6, 2010, and received an email on or about July 28, 2010, notifying her that she was not selected for the position. Id. ¶ 20. Plaintiff alleges that she was informed that the reason that she was not selected was her "lack of people skills." Id. Plaintiff avers that this reason was pretextual. Id. ¶ 29. Plaintiff alleges that another employee was selected for the position because she was younger than plaintiff, and further alleges that plaintiff was not selected "due to her age, race, religion, retaliation, color, and sex." Id. ¶¶ 21-22. Plaintiff alleges that, "on a daily basis," she receives inadequate pay, is subjected to abuse and harassment in the workplace, and has been retaliated against for filing a complaint with the Equal Employment Opportunity Commission ("EEOC").

Plaintiff alleges the following regarding her exhaustion of administrative remedies.

> Plaintiff did file a timely complaint with the [EEOC] and California Department of Fair Employment and Housing regarding this mater. On or about August 12, 2010 the EEOC took action on [p]laintiff's claim and notified her of their rejection via a Dismissal and Notice of Rights in combination with a Notice of Suit Rights . . . for EEOC Charge No. 480-2010-02765 dated May 24, 2012.

---

which does not appear elsewhere on the Court's docket. Dkt. #24, Ex. E. That request is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02272-CAS-VBKx | Date | March 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

FAC ¶ 4. Plaintiff has also filed, concurrently with her opposition to defendant's motions, a copy of an EEOC "right to sue" letter dated May 24, 2012. Dkt. #37, Ex. A. Plaintiff requests that the Court take judicial notice of the letter. That request is GRANTED. An examination of the letter shows that it was mailed to plaintiff on May 24, 2012. Id. Accordingly, the Court construes plaintiff's allegation regarding exhaustion of administrative remedies to allege that she filed a charge with the EEOC on August 12, 2010, and received a "right to sue" letter on or about May 24, 2012.

On December 30, 2013, defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion to strike pursuant to Federal Rule of Civil Procedure 12(f). Dkt. #'s 21, 23. Plaintiff opposed both motions on February 24, 2014, dkt. #'s 35-36, and defendant replied on March 3, 2014, dkt. #'s 39-40. After considering the parties' arguments, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

As an initial matter, both parties have presented the Court with matters outside the pleadings. See Gooch Decl.; Pl.'s Request for Judicial Notice ("RJN"); Def.'s RJN. Accordingly the Court hereby converts defendant's motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. E.g., United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02272-CAS-VBKx | Date | March 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

**III. DISCUSSION**

Defendant argues that plaintiff's claims are barred by the October 21, 2013 order of the United States Bankruptcy Court for the Southern District of New York confirming defendant's reorganization plan under Chapter 11 of the United States Bankruptcy Code ("Chapter 11").[3] The Court agrees.

Confirmation of a reorganization plan under Chapter 11 "discharges a debtor 'from any debt that arose before the date of such confirmation.'" Holcombe v. US Airways, Inc., 369 Fed. Appx. 424, 427 (4th Cir. 2010) (citing 11.U.S.C. § 1141(d)(1)(A)); see also Star Phoenix Min. Co. v. W. Bank One, 147 F.3d 1145, 1147 n.1 (9th Cir. 1998) ("In a typical Chapter 11 proceeding, the confirmation of the reorganization plan discharges the debtor of any debt that arose prior to the confirmation."). In this context, a "debt" includes any claim for payment, including actions based on employment discrimination. E.g., Holcombe, 369 Fed. Appx. at 427-29 (treating employment discrimination claim under Americans with Disabilities Act as a "debt" discharged by confirmation of re-organization plan); Rederford . US Airways,

---

[3] The Bankruptcy Court's order is available at www.amrcaseinfo.com.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02272-CAS-VBKx | Date | March 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

Inc., 586 F. Supp. 2d 47, 51 (D.R.I. 2008) (same). However, a discharge is not effective unless the claimant received notice of the pending bankruptcy and the deadline for filing a "proof of claim" pursuant to 11 U.S.C. § 1141(d)(1)(A). Bosiger v. U.S. Airways, 510 F.3d 442, 451 (4th Cir. 2007). Such notice must be "reasonably calculated, under all the circumstances, to apprise [the party] of the pendency of the action and afford [him] an opportunity to present [his] objections." Id. at 451 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); see also In re Maya Const. Co., 78 F.3d 1395, 1399 (9th Cir. 1996) ("As a matter of due process, the person whose entitlement to money from the debtor will be destroyed by the judgment is entitled to notice.").

Here, defendant provides evidence that it mailed to plaintiff a "notice of deadlines for filing proofs of claim," and a "proof of claim form." Def. RJN, Ex. B-C.[4] The notice of deadlines states, in pertinent part, as follows:

> You MUST file a Proof of Claim to vote on a chapter 11 plan or plans filed by the Debtors or to share in any distributions from the Debtors' estates if you have a claim that arose prior to November 29, 2011 and it is not one of the types described in Section 2 below . . . [T]he word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . .

Def. RJN, Ex. B at 43. Similarly, the reorganization plan itself provides that "the rights afforded herein and the payments and distributions to be made hereunder shall discharge all existing debts and Claims and terminate all Equity Interests of any kind, nature, or description whatsoever against or in the Debtors or any of their assets or property to the fullest extent permitted by section 1141 of the Bankruptcy Code." AMR Reorganization Plan, Article 10.2, p. 91, available at www.amrcaseinfo.com.

---

[4] Defendant requests that the Court take judicial notice of these documents. That request is GRANTED. The Court also takes judicial notice of a screenshot of an attempted search for plaintiff's name in the AMR Corporation claims register, showing that a search for plaintiff's name returned no results.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02272-CAS-VBKx | Date | March 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

    Defendant provides an affidavit of service from Isabel Baumgarten, the claims and noticing agent for the debtors in the bankruptcy proceedings. Baumgarten avers that she served on the parties listed on Exhibit B of her affidavit a "bar date notice" and a "proof of claim form." Id., Ex. C at 57-58. Additionally, defendant appends an excerpt of Exhibit B of the affidavit, which displays plaintiff's name and the address "PO Box 663, Lynwood, CA 90262-0663." Id., Ex. C at 61. Based on this evidence, the Court concludes that plaintiff received adequate notice of the pending bankruptcy and the need to file a proof of claim, and that her claims are therefore barred to the extent that they arose prior to October 21, 2013.[5] See, e.g., Star Phoenix Min. Co., 147 F.3d at 1147 n.1.

    Plaintiff resists this conclusion on two grounds, neither of which is availing. First, plaintiff provides a declaration, appended to her opposition to defendant's motion to dismiss, in which she states that she never received notice of the deadline for filing a proof of claim. Gooch Decl. ¶ 2. However, in the bankruptcy context, denial of receipt of notice, without more, is insufficient to rebut the presumption of receipt upon proper mailing. See, e.g., In re Bucknum, 951 F.2d 204, 207 (9th Cir. 1991) ("A certificate of mailing stating that notice of the bar dates was sent to all creditors or proof of a custom of mailing, raises the presumption that notices were properly mailed and therefore received . . . The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished."); In re Ricketts, 80 B.R. 495, 497 (9th Cir. B.A.P. 1987) ("[A]n allegation that no notice was received does not, by itself, rebut the presumption of proper notice."). Second, plaintiff argues that she was not required to file a proof of claim. In support of her argument, plaintiff cites a provision in the bar date notice that excepts present or former employees from filing proofs of claim as to any "prepetition claim based on payment of wages, salaries, employee medical benefits, and other benefits authorized to be paid pursuant to the Order." See Def. RJN, Ex. B at 45. This provision is inapplicable to the claims in the FAC because claims based on retaliation, discrimination, and intentional infliction of emotional distress are not claims for payment of wages or benefits authorized to be paid pursuant to any order of the

---

    [5] All of the factual allegations in the FAC relate to conduct occurring in 2010 and earlier. However, since plaintiff is proceeding pro se, the Court is inclined to grant plaintiff leave to amend the FAC to assert claims based on conduct occurring after October 21, 2013. As set forth below, the Court will hear argument on April 7, 2014, as to whether such leave should be granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02272-CAS-VBKx | Date | March 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

Bankruptcy Court, but rather are claims for damages or, in some instances, equitable relief.

### IV.   CONCLUSION

In accordance with the foregoing, the Court hereby RESERVES judgment on defendant's instant motion (treated herein as a motion for summary judgment) and defendant's motion to strike.

Plaintiff shall have leave to file a supplemental brief on or before **March 24, 2014** setting forth additional arguments and/or evidence as to whether she received proper notice of the bar date.  Defendant shall have leave to respond on or before **March 31, 2014**.  The parties' briefs, if any, shall not exceed 10 pages, including exhibits and attachments.  The Court CONTINUES the hearing on defendant's motions until **April 7, 2014** at **10:00 A.M.**  At that time, the Court will also hear argument as to whether plaintiff should be granted leave to amend the FAC to allege conduct that occurred after the October 21, 2013 confirmation of the reorganization plan.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |