UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Beverly Gooch, Pro Se | Larry Lawrence |
| | Donna Mo |

**Proceedings:**     DEFENDANT'S MOTION TO DISMISS (Dkt. #53, filed June 18, 2014)

                     DEFENDANT'S MOTION TO STRIKE (Dkt. #54, filed June 18, 2014)

## I. INTRODUCTION

### A. Procedural History

Plaintiff Beverly Gooch, proceeding pro se, filed this action against American Eagle Airlines, Inc. and Does 1 through 10 on or about August 21, 2012, in Los Angeles County Superior Court. Defendant filed a notice of removal in this Court on March 29, 2013, on the basis of diversity jurisdiction. Dkt. #1. By order dated April 28, 2014, this Court granted summary judgment to defendant as to all of plaintiff's claims arising prior to the confirmation of defendant's reorganization plan under Chapter 11 of the United States Bankruptcy Code, which occurred on October 21, 2013. Dkt. #50. The Court also granted plaintiff leave to file an amended complaint that asserts claims based on conduct occurring after October 21, 2013. Id.

On May 28, 2014, plaintiff filed the operative third amended complaint ("TAC"). Dkt. #51. The TAC asserts the following claims: violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq.; two separate hostile work environment claims, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; retaliation in violation of the ADEA; retaliation in violation of public policy under California law; intentional infliction of emotional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

distress; negligent infliction of emotional distress; concealment; damages; and attorney's fees. Id.

On June 18, 2014, defendant filed a motion to dismiss the TAC's second, third, fifth, sixth, seventh, and eighth claims for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. #53. On the same day, defendant filed a motion to strike pursuant to Rule 12(f). Dkt. #54. Plaintiff opposed both motions on July 2, 2014.[1] Dkt. #'s 59, 61. Defendant replied on July 7, 2014. Dkt. #57-58. The Court held a hearing on July 21, 2014. At the hearing, plaintiff requested that this matter be continued until October 6, 2014, in order to provide plaintiff with the opportunity to seek leave to file a late proof of claim from the United States Bankruptcy Court for the Southern District of New York.[2] Dkt. #63. The Court granted the requested continuance, and did not adopt the tentative order it had distributed at the hearing. Id.

On October 6, 2014, the Court held a hearing on the motion to dismiss and the motion to strike portions of the TAC, at which plaintiff and counsel for defendants were present. After considering the parties' arguments, the Court finds and concludes as follows.

> **B.   Reconsideration of the Court's Prior Order Granting Partial Summary Judgment in Favor of Defendant**

As stated above, the Court previously found that, as a result of the confirmation of defendant's bankruptcy reorganization plan on October 21, 2013, plaintiff's claims against defendant were barred to the extent that they relied on conduct occurring prior to

---

[1] Plaintiff's oppositions to these motions consists of a declaration. In this declaration, plaintiff refers to conversations that have taken place between herself and defense counsel regarding the timeline for filing an amended complaint. The declaration does not advance arguments in response to defendant's contentions that certain claims in the TAC should be dismissed, and that certain portions of it should be stricken.

[2] On October 1, 2014, defendant filed a notice that the Bankruptcy Court orally denied the request for leave to file a late claim on September 24, 2014. See Dkt. #67. At the hearing, counsel for defendants indicated that they would apprise the Court when the Bankruptcy Court issued a final order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

that date. Dkt. #50. However, at oral argument on July 21, 2014, defendant stated its position that plaintiff's claims are only barred as to conduct occurring prior to the filing of the bankruptcy petition on November 29, 2011. The Court has examined the record in the present case, and concludes that defendant is correct. While confirmation of a bankruptcy reorganization plan generally bars all claims arising prior to the date of the confirmation, see, e.g., Wright v. Centennial Healthcare Corp., 383 B.R. 355, 357-58 (D.D.C. 2008) (collecting cases), this bar does not operate unless the claimant has notice and a reasonable opportunity to present her claim to the bankruptcy court, see Sanchez v. Nw. Airlines, Inc., 659 F.3d 671, 676 (8th Cir. 2011). Here, the Court found that plaintiff received adequate notice of the deadline for filing a proof of claim pertaining to conduct occurring pre-petition, but the record contains no evidence that plaintiff received notice or an opportunity to file a proof of claim for conduct arising post-petition and pre-confirmation. Accordingly, the Court hereby RECONSIDERS its prior grant of summary judgment, and concludes that plaintiff's claims are barred to the extent that they are grounded on conduct occurring prior to November 29, 2011. See id. To the extent that plaintiff's claims are grounded on conduct occurring after that date, plaintiff's claims are not barred by the confirmation of defendant's bankruptcy reorganization plan.

**II.     BACKGROUND[3]**

Plaintiff alleges that she is a resident of Los Angeles County, California, and that defendant is a corporation organized under the laws of the State of Delaware. TAC ¶¶ 5-6. Plaintiff alleges that she was hired by defendant on March 8, 2004, as a "Fleet Service Clerk." Id. ¶ 12. Plaintiff further alleges that, in the following years, and continuing into early 2013, she was denied various promotions and pay increases. Id. ¶¶ 13-45. As relevant here, plaintiff alleges that she applied for the position of shift manager in or about November 2012, but was not hired because of her age. Id. ¶¶ 41-42.

Plaintiff also alleges that, beginning in 2007, she became subject to race-based harassment, intimidation, and insults from other employees. Id. ¶ 46. Plaintiff alleges

---

[3] Because the Court has granted summary judgment to defendant as to all conduct occurring on or before November 29, 2011, the Court primarily summarizes the TAC's allegations pertaining to defendant's conduct occurring after that date. To provide context for these allegations, however, the Court also provides a brief summary of allegations pertaining to conduct before that date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

that she reported such harassment to defendant's human resources department "from 2007 to on or about March 2014," but is unaware of any investigation of her report having been undertaken. Id. ¶¶ 47-48; see also id. ¶ 64. Plaintiff also avers that she "continue[s] to receive improper pay for the services and duties she . . . perform[s] on a daily basis," and is still subject to harassment and abuse in the workplace. Id. ¶ 49. Additionally, plaintiff contends that she has been retaliated against for filing complaints with the Equal Opportunity Employment Commission ("EEOC"), for asserting claims of age discrimination, and for reporting illegal practices to defendant's management. Id. Finally, plaintiff alleges that, from 2005 to 2013, defendant has engaged in "extreme and outrageous conduct" by leaking plaintiff's confidential information to sub-management level employees, failing to promote her, denying her requests for pay raises, and instructing her not to make any further requests for pay raises. Id. ¶ 81.[4]

Plaintiff alleges that she has filed two charges with the EEOC that pertain to defendant's alleged acts of employment discrimination. Id. ¶ 4. The first charge is alleged to have been filed on or about August 12, 2010. Id.; dkt. #37, Ex. A. The EEOC issued a dismissal and notice of suit rights for that charge on or about May 24, 2012. Id. Plaintiff does not provide the "charge of discrimination" document for this charge, nor does she allege what facts were alleged support of the charge.

The second charge is alleged to have been filed on or about December 27, 2012. TAC ¶ 4; dkt. #48, Exs. B, C. In the "charge of discrimination" document for this charge, plaintiff alleges that she was discriminated against on the basis of age, race, and sex when she was not selected for a managerial position on two separate occasions. Dkt. #48, Ex. C. The charge also alleges that she was not selected for the position in retaliation for having previously filed a charge of discrimination with the EEOC. Id. The EEOC issued a dismissal and notice of suit rights for that charge on or about February 4, 2014. TAC ¶ 4; dkt. #48, Ex. B.

---

[4] Plaintiff also alleges that defendant committed fraud by failing to inform the EEOC, the United States Bankruptcy Court, and this Court, of the requirement of filing a proof of claim during the pendency of defendant's bankruptcy. TAC ¶¶ 96-97. The Court addresses these allegations in more detail in Section IV(A)(4), below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.   Fed. R. Civ. P. 12(f)**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

## IV. DISCUSSION

### A. Motion to Dismiss

#### 1. Plaintiff's Title VII Claims (Claims Two and Three)

A work environment is sufficiently hostile so as to violate Title VII if, in light of "all the circumstances," there exists harassment that is sufficiently severe or pervasive enough to alter the conditions of the victim's employment and create an abusive working environment. See McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1112 (9th Cir. 2004); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). A plaintiff must show both that the work environment was subjectively and objectively hostile. See Nichols v. Aztec Rest. Enters. Inc., 256 F.3d 864, 871-72 (9th Cir. 2001). In evaluating the objective hostility of a work environment, the factors to be considered include the "frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Systems, 510 U.S. 17, 23 (1993).

Here, plaintiff asserts two hostile work environment claims under Title VII. The first is entitled "Title VII Hostile Work Environment – Negligence." TAC ¶¶ 62-68. In support of this claim, plaintiff alleges that defendant failed to investigate plaintiff's complaints of "severe and pervasive harassment and intimidation filed with Human Resources between 2007 and 2014." Id. ¶¶ 64-65. Defendant argues that this claim fails because plaintiff did not administratively exhaust this claim before the EEOC prior to filing suit. The Court agrees. To establish federal subject matter jurisdiction over a Title VII claim, a Title VII claimant must "file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge." Lyons v. England, 307 F.3d 1092, 1103-04 (9th Cir. 2002) (citing 42 U.S.C. § 2000e-5(b)). "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472, 1475-76 (9th Cir. 1989) (internal quotation marks omitted). Here, the EEOC charge filed by plaintiff on or about December 27, 2012, makes no reference to harassment or an abusive working environment. Rather, the charge alleges that, in 2010 and again in 2012, plaintiff was not selected for a managerial position for various discriminatory reasons, as well as in retaliation for filing an EEOC charge. Thus, the conduct alleged in plaintiff's December

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

27, 2012 EEOC charge is not "reasonably related" to plaintiff's allegations of harassment and intimidation. See Anderson v. Fresno County, 342 Fed. Appx. 255, 258 (9th Cir. June 18, 2009) (holding that the plaintiff "failed to exhaust her racial harassment claim because her administrative charges alleged no specific instances of harassment of a racial nature").[5]

Plaintiff's second Title VII claim is entitled "Title VII Hostile Work Environment – Strict Liability." TAC ¶¶ 69-70. In support of this claim, plaintiff relies on her allegation that she was passed over for a promotion to a managerial position in December 2012. Id. ¶ 70. Plaintiff also incorporates by reference all previous allegations in the TAC, including the allegations of defendant's failure to investigate plaintiff's complaints of "severe and pervasive harassment." Id. As an initial matter, the Court finds that, to the extent that this claim is based on defendant's alleged failure to investigate plaintiff's harassment complaints, plaintiff has failed to exhaust her administrative remedies for the reasons described above.

Moreover, plaintiff's allegation that she was passed over for a promotion, standing alone, fails to state a claim for a hostile work environment because it does not give rise to an inference that, "in light of 'all the circumstances,'" plaintiff was subject to harassment "sufficiently severe or pervasive to alter the conditions of . . . [plaintiff's] employment and create an abusive working environment."[6] See McGinest, 360 F.3d at 1113; Gibson v. King County, 256 Fed. Appx. 39, 42 (9th Cir. Nov. 19, 2007) (finding that evidence was sufficient to create genuine dispute of material fact as to the plaintiff's failure to promote claim, but that the plaintiff failed to show that he was subject to harassment "sufficiently severe or pervasive" so as to support a hostile work environment claim (quoting Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003)));

---

[5] Similarly, because the record lacks any documentation or allegations regarding the contents of the EEOC charge filed in August 2010, the Court is unable to determine if that EEOC charge would provide a basis for concluding that plaintiff has exhausted her hostile work environment claims.

[6] The Court notes, however, that this failure to promote was alleged in plaintiff's December 27, 2012 EEOC charge. Thus, while this allegation alone is insufficient to state a claim for a hostile work environment, it was included in one of plaintiff's EEOC charges, and therefore does not barred by a failure to exhaust administrative remedies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

Yonemoto v. Shinseki, --- F. Supp. 2d —, 2014 WL 917327, at *11 (D. Haw. March 10, 2014) (noting that "hostile work environment claims do not happen on a particular day as with discrete acts, but instead develop over time"). Accordingly, the Court finds that plaintiff's Title VII claims based on a hostile work environment should be dismissed. Further, because it appears that plaintiff is unable to document that she exhausted her administrative remedies for her hostile work environment claims and that amendment would therefore be futile, these claims are dismissed without leave to amend.[7]

        2.         Plaintiff's Claim for Retaliation in Violation of Public Policy (Claim Five)

To establish a claim for retaliation in violation of public policy, a plaintiff must allege that: (1) the employer terminated plaintiff's employment, or took a similar adverse employment action; (2) the adverse employment action was a violation of public policy, and (3) the adverse employment action resulted in damage to plaintiff. Hon. Ming W. Chin, et al., 5A Rutter Group: Cal. Practice Guide: Employment Litig. § 5:10 (2013). Courts have upheld claims based on adverse employment actions other than termination, but only in situations where the plaintiff employee suffered disciplinary action or suspension. Id. § 5:26; see also Hall v. Apartment Inv. & Mgmt. Co., 2008 WL 4415053, at *4 (N.D. Cal. Sept. 26, 2008) ("Plaintiffs may not base a [retaliation in violation of public policy] claim on discrimination or retaliation alone. However, they may state a . . . claim if they were terminated or suspended . . . ."). This claim fails because the TAC contains no allegations that plaintiff suffered an adverse employment action akin to termination or suspension after November 29, 2011, or at any other time. Finding that amendment would be futile, the Court dismisses this claim without leave to amend.

        3.         Plaintiff's Claim for Intentional Infliction of Emotion Distress (Claim Six)

A claim for intentional infliction of emotional distress consists of: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

---

       [7] See Dkt. #66, Mot. Strike FAC, Mo Decl., Ex. C (plaintiff stating that she "cannot presently provide documentation that [she] administratively exhausted [her] hostile work environment claims").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991); see also Dove v. PNS Stores, Inc., 982 F. Supp. 1420, 1424 (C.D. Cal. 1997). In support of this claim, plaintiff alleges that, between 2005 and 2013, defendant "engaged in extreme and outrageous conduct with the intention of causing . . . emotional distress" by "leak[ing plaintiff's] confidential information to sub-management level employees, discriminat[ing] against her by failing to promote her twice . . ., den[ying] her request for a pay raise, and instruct[ing] her not to ask for a raise again although she had assumed additional job duties formerly held by another employee without an increase in pay." TAC ¶ 81.

To state a claim for intentional infliction of emotional distress, the alleged "conduct must be outrageous, i.e., beyond all bounds of decency; ordinary rude or insulting behavior is not enough to justify an award of damages." 5 Witkin, Summ. Cal. Law Torts § 451 (10th ed. 2005). Most of plaintiff's allegations supporting this claim consist of employment-related actions that do not rise to the level of "extreme and outrageous conduct." "In the workplace setting, courts have found" that even more serious conduct, including "terminating an employee in violation of an anti-discriminatory statute, or harshly criticizing or insulting an employee, is not enough to constitute extreme and outrageous conduct." McKay v. Town & Country Cadillac, Inc., 991 F. Supp. 966, 972 (N.D. Ill. 1997). California courts are in accord. See, e.g., McCoy v. Pac. Maritime Assoc., 216 Cal. App. 4th 283, 295 (2013) (upholding summary adjudication of an intentional infliction of emotional distress claim despite substantial evidence to support a workplace campaign of retaliation that subjected a plaintiff to "continued isolation and ostracism"); Yurick v. Superior Ct., 209 Cal. App. 3d 1116, 1128-30 (1989) (granting summary judgment to defendant where plaintiff's supervisor, knowing plaintiff was over forty years old, repeatedly told her at work and in the presence of others that plaintiff was senile and a liar). Nor does plaintiff's allegation that defendant leaked her confidential application information save her claim. See Schoen v. Consumers United Grp., Inc., 670 F. Supp. 367 (D.D.C. 1986) (age discrimination case holding that claims of "breach of confidentiality, dismissal without prior disciplinary procedures, [and] 'an unbroken string of humiliations and attempts to force [plaintiff] to resign' simply do not satisfy the standard of liability" under intentional infliction of emotional distress (citation omitted)). Therefore, the Court finds that the TAC fails to state a claim for intentional infliction of emotional distress. Because amendment would be futile, this dismissal is without leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

       4.      Plaintiff's Claim for Negligent Infliction of Emotional Distress (Claim Seven)

       Under California law, the "negligent causing of emotional distress is not an independent tort but the tort of negligence." Marlene F. v. Affiliated Psychiatric Med. Clinic, 48 Cal. 3d 583, 588 (1989) (emphasis in original) (citing 6 Witkin, Summ. Cal. Law Torts § 838 (9th ed. 1988)). To state a claim for negligence under California law, plaintiff must allege that (1) defendant owed plaintiff a duty of care, (2) that defendant breached that duty, (3) that the breach was the legal and proximate cause of plaintiff's injury, and (4) that plaintiff suffered damages. Paz v. California, 22 Cal.4th 550, 559 (2000). When a plaintiff seeks emotional distress damages based on a breach of a duty the defendant owed directly to the plaintiff, the California Supreme Court has only allowed plaintiffs to recover damages in three types of factual situations: (1) the negligent mishandling of corpses, Christensen v. Superior Court, 54 Cal. 3d 868, 879 (1991); (2) the negligent misdiagnosis of a disease that could potentially harm another, Molieni v. Kaiser Foundation Hosps., 27 Cal. 3d 916, 928 (1980); and (3) the negligent breach of a duty arising out of a preexisting relationship imposing a duty not to inflict emotional distress, Burgess v. Superior Court, 2 Cal. 4th 1064, 1076 (1992) (allowing damages based on the special relationship between a physician and patient). With regard to the third category, "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 807-08 (1993).

       Most of the alleged conduct here, like most "misconduct attributed to the employer" generally, consists of "actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances." Cole v. Fair Oaks Fire Protection Dist., 43 Cal. 3d 148, 160 (1987). "[A]n employee is confined to workers' compensation recovery for emotional injuries negligently inflicted as part of the normal employment relationship." Robomatic, Inc. v. Vetco Offshore, 225 Cal. App. 3d 270, 275 (1990). Therefore, most of plaintiff's allegations cannot support a claim for negligent infliction of emotional distress. However, plaintiff also alleges that defendants had a duty to protect her personal information and privacy of her job application status, TAC ¶ 88, and breached that duty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

by leaking information to "management level and sub-management level employees, for purposes other than a good-faith inquiry into plaintiff's qualifications," id. ¶ 89. At least at this stage of the litigation, it cannot be said that the alleged negligent breach of privacy "inheres in the employment relationship" and is nonactionable in tort. Plaintiff also alleges that these leaks caused her "unwanted attention, harassment, and stress as a result of those employees circulating information or confronting plaintiff about her application or qualifications," causing "pervasive stress related injuries." Id. ¶ 90-91. Read in the light most favorable to plaintiff, these allegations state a claim for negligence, and the Court cannot state as a matter of law that plaintiff could not recover damages for emotional distress.

Defendant argues that this claim, pled "in the alternative" to the intentional infliction of emotional distress claim, should be dismissed because these allegations are too vague, and do not specify when each specific instance of conduct occurred. Thus, according to defendant, it is not possible to discern whether the alleged conduct occurred before or after the date of the confirmation defendant's bankruptcy reorganization plan. While these allegations lack specificity as to the timeframe of each alleged incident, the Court finds that they are sufficient to provide defendant with notice of the substance of plaintiff's claims. See Fed. R. Civ. P. 8(a). Moreover, since plaintiff is proceeding pro se, the Court liberally construes the allegations in the TAC. To the extent that some or all of the allegations underlying plaintiff's claim for negligence are barred by the Court's April 28, 2014 order, that issue is better addressed on a motion for summary judgment or at trial. Therefore, the Court finds that plaintiff has stated a claim for negligence, and that defendant's motion to dismiss should be denied as to this claim for relief.

       5.      Plaintiff's Claim for Concealment (Claim Eight)

An action for fraud "will lie for the 'suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact." 5 Witkin, Summ. Cal. Law Torts § 793 (10th ed. 2005). Here, plaintiff alleges that defendant had a duty to inform the EEOC, this Court, and the United States Bankruptcy Court of the requirement of filing a proof of claim with the United States Bankruptcy Court during the pendency of defendant's bankruptcy. TAC ¶¶ 96-98. This claim fails because, even assuming that plaintiff has standing to assert a claim for concealment based on information allegedly withheld from the EEOC, the Bankruptcy Court, or this Court, defendant was not "bound to disclose" the requirement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02272-CAS(VBKx) | Date | October 6, 2014 |
| Title | BEVERLY GOOCH V. AMERICAN EAGLE AIRLINES, INC. | | |

of filing a proof of claim to these entities.[8]  See Summ. Cal. Law, Torts § 793.  Moreover, as the Court found in its prior order dated April 28, 2014, plaintiff received proper notice of the bar date for claims against defendant.  Finally, because the deficiencies in this claim cannot be cured by amendment, this claim is dismissed without leave to amend.

### B. Motion to Strike the TAC

Defendant moves to strike all allegations pertaining to conduct as to which the Court previously granted summary judgment.  While defendant is correct that the TAC is replete with allegations of conduct occurring prior to October 21, 2013 (or, based on the Court's reconsideration of its prior order, November 29, 2011), the Court DENIES defendant's motion to strike because these allegations are relevant for the purpose of providing context for plaintiff's allegations of conduct occurring after November 29, 2011.  Thus, these allegations are not wholly "redundant, immaterial, impertinent or scandalous."  See Fed. R. Civ. P. 12(f).

### V. CONCLUSION

In accordance with the foregoing, defendant's motion to dismiss is hereby GRANTED IN PART and DENIED IN PART.  Specifically, the motion is DENIED with regard to plaintiff's claim for negligent infliction of emotional distress.  The motion is otherwise GRANTED without leave to amend.  The Court DENIES defendant's motion to strike portions of the TAC.

IT IS SO ORDERED.

| | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[8] The Court expresses no view as to whether defendant would have had a duty to give the EEOC notice of the bar date had the EEOC filed an action against defendant on plaintiff's behalf.  Here, however, plaintiff's "right to sue" letters show that the EEOC did not do so.